SHANNON, Judge.
There are two separate actions involved in this appeal. One is a foreclosure action brought by Joseph F. Devine against Eugene C. Stevens, the administrator of the estate of John Peter Stevens, and also against the heirs of John Peter Stevens. The other action, which was a suit for an accounting, was brought by the administrator and the heirs against Ida J. Devine, her husband, Joseph F. Devine, and Albert and Bessie Salhanick. It is noted that Joseph F. Devine appears both as the mortgagee and plaintiff in the foreclosure suit and also as the husband of Ida J. Devine, and hence as defendant in the second suit. The Salhanicks are joined as defendants because they purchased Ida’s interest in the real estate. These two causes were tried together below and the chancellor found against the administrator and the heirs in both cases, entering final decree on July 13, 1959.
From the record it appears that John Peter Stevens, the deceased, started a bakery business in the City of Tampa, Florida, in 1929. He was a Polish immigrant, who had little education, a poor command of the English language, and a limited knowledge of business methods. At the time that he began this business he lived on the premises with his wife and five small children. Mrs. Stevens became seriously ill and died shortly thereafter, and Ida J. Devine a saleslady in the bakery, took charge of bringing up the children. In 1931 John Peter Stevens and Ida J. Devine reorganized the bakery into a partnership and from that time until the business was sold in 1954, the finances of the business were largely handled by Ida. For several years during this period John Peter Stevens also operated an adjacent liquor store, but this was separate from the bakery and Ida had no interest in it. When the business was sold in 1954, John and Ida retained title to the real estate, subject to the mortgage involved in this suit. John Peter Stevens died in October, 1957, and one of the .children, Eugene C. Stevens, became administrator of his estate.
In the foreclosure action, Joseph F.. Devine filed the suit on a mortgage dated July 16, 1954. This action was begun in April of 1958, and it was directed against the undivided one-half interest belonging to the estate of John Peter Stevens-The other one-half interest, which formerly belonged to Ida J. Devine, had been sold to the Salhanicks and the mortgage debt on this interest had been satisfied at the time of sale. The administrator denied the obligation, claiming there was a failure of consideration or a total lack of consideration passing to John Peter Stevens, and that fraud and misrepresentation were practiced by Ida J. Devine to facilitate the execution of the documents.
In the companion action, the administrator and the heirs of John Peter Stevens-brought suit for an accounting against Ida J. Devine, Joseph F. Devine, and Albert and Bessie Salhanick. The two-cases were combined by the chancellor and testimony was taken on every conceivable phase of both cases. Most of this testimony was contradicted or -rebutted, leaving the chancellor with several difficult questions of fact. In regard to the accounting action, the chancellor ruled against the administrator and the heirs, and his final decree reads, in part, as follows:
“ * * * Testimony was taken for several days and argument made, and after due consideration the Court found that John Peter Stevens, deceased, and Ida J. Devine were partners in a business during Mr. Steven’s lifetime, and that the business was terminated by a sale to one Albert Salhanick, a defendant in the companion suit, and that at all times, as well as at the time of the mentioned sale, John Stevens, originally a Polish immigrant, although to some extent limited in his use -and ability to write in the English language and in his knowledge of business affairs, was well *27 aware of the conduct of the business and of the matters subject of the foreclosure action. Although Ida J. Devine may have exercised an influence upon John Stevens, it was not fraudulent nor of such undue quality as to be subject to complaint or further inquiry. There- was obviously loose accounting and mingling of funds both in the bakery and in the liquor store, but both parties were aware of it and wanted it that way. Ida Devine had a right to sell her interest in the real estate to Albert Salhanick at the time of such sale in 1958, and Albert Salhanick acted properly in buying it. There is no evidence to require any further accounting of any nature whatsoever by Ida J. Devine, Joseph F. Devine, Albert Salhanick or Bessie Ruth Salhanick in respect to the mortgage foreclosure or to the companion suit.”
As to the foreclosure suit, the chancellor found that the indebtedness had been proved by competent evidence, and, accordingly, he ruled against the administrator and the heirs. It was necessary for the chancellor to make a substantial credit to the estate in this action, however, to compensate for an error in arithmetic and a usurious interest charge, thereby decreasing the amount due to the plaintiffs.
The attorneys have submitted extensive briefs in this appeal, but, after a close consideration of the record, we have concluded that each of the points involved is dependent upon an issue of controverted fact. This being the case, the law is well established. As was said in our own court in the case of Rowland v. McCall, Fla.App.1960, 118 So.2d 846, 850, opinion by Judge Kanner:
“We hold that the trial judge was correct in his findings and judgment. As trier of the facts, he heard the many witnesses who appeared, evaluated the conflicting testimony, sifted the evidence painstakingly to arrive at the findings here controverted by the appellant. Unless error is made clearly to appear, the findings of the chancellor who heard the testimony, if supported by the evidence and if the testimony is conflicting, will not be gainsaid by an appellate court. The testimony in some of its phases is fraught with conflicts; the chancellor’s findings are supported by the evidence; no error has been made to appear, and we find that the axiomatic doctrine of noninterference by an appellate court under such circumstances is applicable here. * * * ”
No error has been made to appear in either the foreclosure suit or the accounting suit. In addition, there is evidence to support each of the chancellor’s findings, and his final decree is therefore affirmed.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.